**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 19, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ABRAM F. VELO,

    Defendant - Appellant.

No. 24-3151
(D.C. No. 6:23-CR-10042-JWB-2)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Pursuant to a plea agreement, Abram F. Velo pleaded guilty to a drug offense

and was sentenced to 180 months in prison and five years of supervised release.  He

then filed this appeal.  His plea agreement contains an appeal waiver that the

government now moves to enforce.  *See United States v. Hahn*, 359 F.3d 1315, 1328

(10th Cir. 2004) (en banc) (per curiam).

In evaluating such a motion, we consider: "(1) whether the disputed appeal falls

within the scope of the waiver of appellate rights; (2) whether the defendant knowingly

and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

result in a miscarriage of justice." *Id.* at 1325. Mr. Velo, through counsel, has not disputed any of these factors and concedes that the appeal waiver contained in his plea agreement applies. Our independent review confirms the enforceability of the appeal waiver. Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court

Per Curiam